STATE, RESPONDENT, *v.* TURNMIRE, APPELLANT.

(No. 3,777.)

(Submitted March 31, 1916.  Decided April 29, 1916.)

[157 Pac. 579.]

*Licenses—Itinerant Venders—Complaint—Sufficiency.*

1. Complaint in an action to recover a license fee under Chapter 110, Laws 1911, the manifest import of which was that defendant, without first procuring a license, engaged in the business of itinerant vender, and in the business of soliciting orders, *held* sufficient to charge liability for the license as itinerant vender at least, and that therefore a demurrer to the pleading was properly overruled.

[As to statutory regulation of itinerant physicians and venders of drugs, see note in Ann. Cas. 1913D, 1242.]

*Appeal from District Court, Ravalli County; R. Lee McCulloch, Judge.*

ACTION by the State against E. E. Turnmire.  From a judgment for plaintiff, defendant appeals.  Judgment affirmed.

Cause submitted on briefs of Counsel.

*Mr. J. D. Taylor,* for Appellant.

*Mr. J. B. Poindexter,* Attorney General, and *Mr. J. H. Alvord,* Assistant Attorney General, for Respondent.

MR. JUSTICE SANNER delivered the opinion of the court.

Action by the state to recover of E. E. Turnmire $300 unpaid license, $15 damages and costs based upon the following [1] allegations: ''That from and since the 1st day of January, 1915, to and including August 20, 1915, in the county of Ravalli, state of Montana, the above-named defendant did conduct, carry on and engage in the business of an itinerant vender.  That during all of said time he was engaged in traveling about from place to place in said county of Ravalli, state of Montana, by means of a team of horses and vehicle, and did during all of said time transport, exhibit and offer for sale, and sell and de-

liver, as an itinerant vender, to various persons and at divers times, goods, wares and merchandise, to-wit, patent medicines, toilet articles, soaps, flavoring extracts and spices, and said defendant did, during all of the time and at the county and state aforesaid, solicit orders from various persons and at divers times during said period aforesaid, for the future delivery of goods, wares and merchandise, both with and without sample, without first having obtained a license so to do, from the county treasurer of Ravalli county, state of Montana.'' The defendant demurred to the complaint as not stating facts sufficient to constitute a cause of action, which demurrer having been overruled, he refused to further plead and suffered judgment to be entered according to the plaintiff's prayer.

This appeal is from that judgment, and the contention is that the demurrer should have been sustained for these reasons: That the defendant is sought to be charged with liability under Chapter 110, Laws of 1911, in two particulars, *viz.:* Soliciting orders and pursuing the business of itinerant vender. That the charge of soliciting orders is complete since the allegation is that this was done without a license, but is ineffectual because the statute, in so far as it assumes to license or prohibit the soliciting of orders, is unconstitutional. That the charge of itinerant vending is incomplete, since it is not alleged that this was done without a license.

The ruling assailed was correct. The complaint is not a model, but its manifest import is that the defendant, without first procuring a license, engaged in the business of itinerant vender and in the business of soliciting orders. Therefore, whatever may be said of the provisions of the statute relating to soliciting orders, the complaint is sufficient to charge liability for the license as an itinerant vender.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.